UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NAOMI SUE WHITE EAGLE,

        Plaintiff,

   v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,

        Defendants.

CASE NO. 3:21-cv-05716-JCC-JRC

ORDER TO SHOW CAUSE OR AMEND THE PROPOSED COMPLAINT

    This matter is before the Court on plaintiff's motion to proceed *in forma pauperis* ("IFP") and proposed complaint under 42 U.S.C. § 1983 (Dkts. 1-1, 4) and on referral from the District Court.

    Plaintiff is incarcerated and her proposed complaint is subject to screening by the Court under 28 U.S.C §§ 1915(e) and 1915A, which require dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiff's proposed complaint fails to state a claim upon which relief can be granted. However, the Court will grant

1  plaintiff an opportunity to amend her proposed complaint to correct the deficiencies set forth
2  herein.

3  If plaintiff chooses to amend her proposed complaint, she must file her amended
4  proposed complaint on the Court's form, on or before **November 12, 2021**. Failure to do so or to
5  comply with this Order will result in the undersigned recommending dismissal of this matter
6  without prejudice.

7  Finally, because it does not appear that plaintiff has presented this Court with a viable
8  claim for relief, the Court declines to rule on her IFP motion at this time. Instead, the Clerk shall
9  renote the IFP motion for the Court's consideration on November 12, 2021.

## BACKGROUND

Plaintiff, who is incarcerated at Airway Heights Correction Center, initiated this matter on September 22, 2021, by filing the IFP motion along with her proposed amended complaint and a motion for temporary restraining order and preliminary injunction. *See* Dkts. 1-1, 4. Plaintiff has named the Washington State Department of Corrections ("DOC"), and several DOC officials and employees in their official capacity as defendants. *See id.* at 2, 4–6. Plaintiff alleges that defendants were deliberately indifferent to her medical needs during her previous confinement at Stafford Creek Correctional Center by delaying her sex reassignment surgery and that defendants subjected her to cruel and unusual punishment as a result of that delay. *Id.* at 7–22. Plaintiff is seeking monetary relief from each defendant. *Id.* at 23.

## DISCUSSION

**I.  Legal Principles**

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim upon which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations—but not legal conclusions—when reviewing whether a complaint survives a motion to dismiss under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678.

When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation omitted).

1    To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must sufficiently allege (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to "identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second step, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

## II.  Eleventh Amendment Immunity

   Liberally construing plaintiff's complaint, she seeks to bring § 1983 claims under the Eighth Amendment for deliberate indifference to her serious medical needs and under the Fourteenth Amendment for violations of her equal protection rights. Dkt. 1-1, at 7–15. Plaintiff named the DOC and DOC officials in their official capacity as defendants. *See* Dkt. 1-1, at 2. However, the DOC and its officials acting in their official capacities are not "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). That is because "[t]he Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996)). Although plaintiff brings suit against a State agency and its officials and not the State itself, for purposes of the Eleventh Amendment, a suit against a State agency is the same as a suit against the State. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

However, claims against State officials for prospective injunctive relief are an exception to Eleventh Amendment immunity. *See Ex Parte Young*, 209 U.S. 123, 161 (1908). To state a claim against a State official in their official capacity, "a plaintiff [must] identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citations omitted). Claims for injunctive relief against a State based on its deliberate indifference to the serious medical needs of transgender prisoners have been recognized in the Ninth Circuit. *See, e.g.*, *Edmo v. Corizon, Inc.*, 935 F.3d 757 (9th Cir. 2019).

Here, all of the named defendants in plaintiff's proposed complaint are either the DOC or DOC employees, which are all being sued in their official capacity. *See* Dkt. 1-1, at 2, 4–6. In the relief section of her proposed complaint, plaintiff states that she is seeking money damages against each of the named defendants. *See* Dkt. 1-1, at 23. Such relief against a State or State officials in their official capacity is prohibited by the Eleventh Amendment.

Although plaintiff attached a motion for a temporary restraining order and preliminary injunction, the motion is blank and it does not specify what injunctive relief she seeks. *See* Dkt. 1-1, at 24. It merely states that "plaintiff is entitled to a temporary restraining order and a preliminary injunction." *Id.* Besides some general headings, the motion does not contain any facts or legal arguments. *Id.* at 24–25. Plaintiff's declaration in support of the motion is equally lacking any substantive content. *See id.* at 28. The Court notes that plaintiff attached a proposed order to the motion, which contains language regarding prospective relief, but plaintiff needs to make clear in her complaint what relief she is seeking. *See* Dkt. 1-1, at 26–27. As the complaint stands, it does not state a claim upon which relief may be granted.

### III.     State Law Claims

Plaintiff appears to bring State tort claims of assault, battery, and negligence. *See* Dkt. 1-1, at 8. Plaintiff claims that the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367. However, because plaintiff has failed to state any federal law claims in her proposed complaint, the Court would not have supplemental jurisdiction over these claims. The Court also notes that these claims were mentioned in the facts section of her deliberate indifference claim. *See* Dkt. 1-1, at 7–8. If plaintiff plans to bring these State law claims, she should make that clear by bringing them as separate causes of action.

## INSTRUCTIONS TO PLAINTIFF AND THE CLERK

Due to the deficiencies described above, unless plaintiff shows cause or amends the proposed complaint, the Court will recommend dismissal of the proposed amended complaint without prejudice. If plaintiff intends to pursue a § 1983 civil rights action in this Court, she must file a second amended proposed complaint and within the second amended proposed complaint, she must write a short, plain statement telling the Court: (1) the constitutional rights plaintiff believes were violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Plaintiff must also state what relief she is seeking.

Plaintiff shall present the second amended proposed complaint on the form provided by the Court. The second amended proposed complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it

1  may not incorporate any part of the original proposed complaint by reference. The second
2  amended proposed complaint will act as a complete substitute for the previous proposed
3  complaints, and not as a supplement.
4  An amended proposed complaint supersedes all previous complaints. *Forsyth v. Humana,*
5  *Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa*
6  *County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended proposed complaint must be
7  complete in itself, and all facts and causes of action alleged in the original proposed complaint
8  that are not alleged in the amended proposed complaint are waived. *Forsyth*, 114 F.3d at 1474.
9  The Court will screen the amended proposed complaint to determine whether it contains factual
10 allegations linking each defendant to the alleged violations of plaintiff's rights.
11 If plaintiff fails to file an amended proposed complaint or fails to adequately address the
12 issues raised herein on or before **November 12, 2021**, the undersigned will recommend dismissal
13 of this action pursuant to 28 U.S.C. § 1915.
14 The Clerk is directed to send plaintiff the appropriate forms for an incarcerated person to
15 file a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to
16 renote the motion to proceed *in forma pauperis* (Dkt. 1) for November 12, 2021.
17 Dated this 15th day of October, 2021.

J. Richard Creatura
Chief United States Magistrate Judge