UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NAOMI SUE WHITE EAGLE,

  Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,

  Defendants.

CASE NO. 3:21-cv-05716-JCC-JRC

REPORT AND RECOMMENDATION

NOTED FOR: December 3, 2021

This 42 U.S.C. § 1983 civil rights matter is before the Court on referral to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

**BACKGROUND**

Plaintiff, proceeding *pro se*, is incarcerated at Airway Heights Correction Center and initiated this matter on September 22, 2021 by filing an *in forma pauperis* motion along with her proposed complaint and a motion for temporary restraining order and preliminary injunction. *See* Dkts. 1-1, 4. On October 15, 2021, after screening plaintiff's proposed complaint pursuant to 28

REPORT AND RECOMMENDATION - 1

1  U.S.C. §§ 1915(e) and 1915A, this Court ordered plaintiff to show cause or amend her proposed

2  complaint due to several deficiencies. Dkt. 5. On October 27, 2021, plaintiff requested an

3  extension of time to file an amended complaint. Dkt. 6. This Court granted plaintiff's request and

4  gave plaintiff until January 3, 2022 to file a proposed amended complaint. Dkt. 8. On November

5  11, 2021, plaintiff filed a motion for temporary restraining order and preliminary injunction. Dkt.

6  10. To date, plaintiff has not filed a proposed amended complaint.

## DISCUSSION

Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. A temporary restraining order may be granted under Rule 65(b), but only if:

1)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and

2)  the [movant] certifies to the court in writing any efforts made to give notice and the reasons why it should not be required.

Here, no viable complaint has been filed in this action and no potential defendant or defendants have been served. Thus, plaintiff is not entitled to a preliminary injunction because there is no case or controversy and the Court lacks authority to issue injunctive relief against individuals or entities over whom it lacks jurisdiction. *See Zepeda v. United States Immigration and Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983); Fed. R. Civ. P. 65(d). Therefore, the undersigned recommends that plaintiff's motion (Dkt. 10) be stricken from the Court's docket at this time. The Court does not reach the merits of plaintiff's motion.

If plaintiff chooses to file another motion at a later time, she should keep in mind that any issues raised in such motion must be related to the issues raised in her amended complaint and she must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of

irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

## CONCLUSION

The undersigned recommends that the plaintiff's motion for temporary restraining order and preliminary injunction (Dkt. 10) be stricken from the Court's docket.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 3, 2021** as noted in the caption.

Dated this 17th day of November, 2021.

J. Richard Creatura
Chief United States Magistrate Judge