UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NAOMI SUE WHITE EAGLE,<br><br>                  Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                  Defendants. | CASE NO. 3:21-cv-05716-JCC-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: February 4, 2022 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to Chief United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3, and MJR4. This matter is before the Court on its order to show cause or amend the proposed complaint. Dkt. 5.

Because plaintiff failed to comply with a Court order and has not provided the Court with an amended complaint that states a claim upon which relief can be granted, the Court denies plaintiff's motion to proceed *in forma pauperis* ("IFP") and recommends that this matter be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Plaintiff Naomi Sue White Eagle, proceeding *pro se*, filed this § 1983 action on September 22, 2021 when she filed a motion to proceed IFP along with a proposed complaint and motion for injunctive relief. *See* Dkts. 1, 4. On October 15, 2021, after screening plaintiff's proposed complaint pursuant to 28 U.S.C §§ 1915(e) and 1915A, this Court ordered plaintiff to show cause or amend her proposed complaint due to several deficiencies. Dkt. 5. The Court warned plaintiff that failure to comply with the Court's order "will result in the undersigned recommending dismissal of this matter without prejudice." *Id.* at 2. On October 27, 2021, plaintiff requested an extension of time to file an amended complaint. Dkt. 6. This Court granted plaintiff's request and gave plaintiff until January 3, 2022 to file a proposed amended complaint. Dkt. 8.

On November 11, 2021, plaintiff filed a motion for temporary restraining order and preliminary injunction. Dkt. 10. However, plaintiff did not file a proposed amended complaint with the motions. On December 17, 2021, the District Court adopted this Court's recommendation to dismiss plaintiff's motion because it was not based on a viable complaint. *See* Dkts. 14, 15.

To date, plaintiff has not filed a proposed amended complaint. Therefore, the Court denies plaintiff's motion to proceed IFP and recommends that this matter be dismissed without prejudice for failure to comply with the Court's order. *See* Dkts. 5, 8. Furthermore, because plaintiff failed to state a claim upon which relief could be granted in the proposed complaint, this case should be considered a "strike" under 28 U.S.C. § 1915(g).

///

///

**CONCLUSION**

The undersigned denies plaintiff's motion to proceed IFP (Dkt. 4) and recommends that the district court dismiss the matter without prejudice for failure to comply with a Court order.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 4, 2022**, as noted in the caption.

Dated this 18th day of January, 2022.

J. Richard Creatura
Chief United States Magistrate Judge